# DECISIONS IN CASES NOT REPORTED.

## First Department, January Term, 1895.

Albert B. Rice, Respondent, v. William Geohegan, Appellant.—Order affirmed, with ten dollars costs and disbursements. No opinion.

Anton Exkorn, Respondent, v. Pantina Exkorn, Appellant.—Order affirmed, with ten dollars costs and disbursements. No opinion.

Horatio N. Bain, Appellant, v. Charles B. Caldwell, Respondent.—Order affirmed, with ten dollars costs and disbursements. No opinion.

In the Matter of Margaret H. de Forest, as Administratrix, etc.—Order affirmed, with ten dollars costs and disbursements. No opinion.

Charles H. Southard v. Elizabeth J. Wellwood. —Order reversed, with ten dollars costs and disbursements. No opinion.

Charles E. Hart, Respondent, v. The Delaware, Lackawanna and Western Railroad Company, Appellant.—Judgment and order affirmed, with costs.—

Van Brunt, P. J.: Although I adhere to the opinion which I have expressed upon the previous appeals in this case, that the evidence failed to disclose any negligence upon the part of the defendant justifying a recovery in this action, my associates having differed from me upon this question, this judgment must be affirmed. There does not seem to be any such difference in the presentation of the question of negligence upon this appeal as would call for a different ruling from that which obtained upon the previous appeals. The judgment and order appealed from must, therefore, be affirmed, with costs. Follett and O'Brien, JJ., concurred.

The C. & C. Electric Co., Appellant, v. William F. Wendt and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Catherine Rowe, as Administratrix, etc., Appellant, v. The Central Railroad Company of New Jersey, Respondent.— Order reversed, with ten dollars costs and disbursements. No opinion.

Martha McNulty v. Edward J. Woolsey and Others. Motion granted, with ten dollars costs.

Newman Cowen and Others v. Samuel Rinaldo and Others.— Motion for extra allowance granted as follows: To Goldfogle & Cohn, attorneys for defendant Samuel Rinaldo, $250; to Strong & Cadwalader, attorneys for defendants Hyman Rinaldo and others, $875; to Wilson & Wallis, attorneys for defendant David Rinaldo, $875.

Robert J. Dean and Others, Respondents, v. August M. Collignon, Appellant.— Judgment affirmed with costs. No opinion.

Matilde E. Goodwin, Individually etc., Plaintiff, v. Emily M. Coddington, Impleaded etc., Defendant.— Motion for new trial denied, with costs to plaintiff and to guardian ad litem payable out of the estate.—

Motion by defendant, Emily M. Coddington, for a new trial on exceptions, pursuant to section 1001 of the Code of Civil Procedure. March 11, 1869, Matilda E. Coddington executed her last will and testament which, among other provisions, contains the following: "First. * * * I give, devise and bequeath to my children, Jefferson, Gilbert S., Clifford, Matilda E. and Louisa, each an undivided fifth part of all my interest in the building and lot known as Number 17 (Seventeen) Wall Street, in the City of New York, being an undivided three-fourths thereof, for the term of his or her

natural life, and after his or her death, I give the same to his or her children, the issue of any deceased child, if any, to take its parent's share. Should either of my said sons die leaving no issue him surviving I give, devise and bequeath his one-fifth of said premises to such of his above-mentioned brothers and sisters, if any, as may be then living, and the issue of any deceased brother or sister above mentioned, if any, such issue to take the share its parent would have taken if living. If either of my said daughters should die without leaving issue her surviving, I give her one-fifth of said premises to my granddaughter Mary Matilda Moore for her life and after her death to her issue, if any. If none, to such of my said sons and daughters, if any, as may then be living, and the issue, if any, of any deceased son or daughter above mentioned, such issue to take its parent's share. * * * I hereby order and direct my said Executors and Executrix, the survivors or survivor of them, to hold the proceeds of said premises Number (17) Seventeen Wall Street in five separate portions, and to hold each of said portions until the termination of any life interest hereby created therein for the benefit of the party interested therein." The will contains a residuary clause devising and bequeathing the remainder of her estate. July 16, 1876, Jefferson Coddington, mentioned in the above-quoted provision, died intestate, leaving Andrew C. Coddington, son, and Emily M. Coddington, daughter, only heirs and next of kin. August 7, 1876, Matilda E. Coddington executed a third codicil to her said last will and testament which, among other provisions, contains the following: "Second. That the one-fifth part of my interest in the premises No. 17 Wall St., which in and by said will I devise to my said son Jefferson, his issue, etc., shall be divided into four equal parts, one of which I give and bequeath to each of my now surviving children for and during the natural life of such child and after his or her death to the same person or persons who under and by virtue of said will shall be entitled to the remainder of the one-fifth therein devised for life to such child." February 14, 1883, Matilda E. Coddington died, leaving said last will and testament and codicil unrevoked, which were duly admitted to probate March 6, 1882, as a last will, testament and codicil of real and personal property. Letters testamentary thereon were issued to Clifford Coddington, Louisa Coddington and Matilda E. Goodwin (née Coddington), three of the four persons nominated in the will as executors thereof. The fourth nominee, Gilbert S. Coddington, did not receive letters. February 28, 1892, Clifford Coddington died, leaving a last will and testament, which was admitted to probate April 12, 1892. He left four children who are defendants in this action. March 5, 1892, Louisa Coddington died, leaving a last will and testament, which was admitted to probate March 25, 1892. She died unmarried and without issue. April 11, 1892, this action was begun by the sole surviving executor of Matilda E. Coddington for an accounting and for a determination of the rights of the parties under the clauses in the will and codicil above quoted. By the prayer for judgment the court is asked to determine the rights and interests of the parties to this action and of